UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

JOSEPH SABELLA,

                          Petitioner,

                v.

UNITED STATES OF AMERICA

                          Respondent.

------------------------------------------------------------- x

**ORDER DENYING § 2255
PETITION**

18-cr-15 (AKH)
20-cv-5498 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Joseph Sabella, proceeding pro se, petitions timely for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence imposed for participating in the Bonanno Family racketeering enterprise.   Petitioner claims his Sixth Amendment right to effective assistance of counsel was violated in plea bargaining and sentencing.   Sabella claims that he was denied effective assistance of counsel because his lawyer failed to (1) advise Sabella to accept a purported earlier plea offer made by the Government and, at sentencing, (2) challenge the applicability of the enhancements contained in the Plea agreement and (3) raise the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).   Petitioner's claims are without merit and I deny his petition.[1]

---

[1] Petitioner filed his petition at around the same time he filed a motion for compassionate release. ECF 710, 10/29/20.   I denied both, the petition because of failure to furnish a waiver of counsel despite my order to do so, ECF 711, 11/2/20, and the motion because the nature of his crimes and criminal history advised against doing so. ECF 747, 2/25/21.   The Court of Appeals dismissed Sabella's appeal of the denial of his motion for compassionate release as lacking an "arguable basis either in law or in fact." ECF 804, 12/2/22.   Meanwhile, Sabella had moved for rehearing of his petition to vacate his sentence, and produced a waiver of attorney-client privilege.   I granted the rehearing motion, and petitioner's attorney, Joseph Corozzo, filed an affidavit. ECF 723, 12/10/20.   The government opposed the petition.   ECF 740, 1/22/21.   When I denied petitioner's motion for compassionate

1

## BACKGROUND

Petitioner, a "made member" and a captain of the Bonanno Organized Crime Family of La Cosa Nostra, pled guilty to one count of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d) on February 12, 2019.   His guilt arose from extortions, frauds and assaults he committed as part of, and to enhance his position with, the Bonanno Crime Family.   PSR at ¶¶ 29, 31, 35, 37 (ECF 641).

Petitioner was represented by Joseph Corozzo.   Petitioner, and nine others, had been charged with conspiracy to conduct a racketeering enterprise.   Petitioner was charged in three counts alleging crimes of racketeering, extortion, fraud and assault.   I set a February 18, 2019 trial date.

On November 13, 2018, the government extended an informal plea offer to Corozzo, conditioned upon all remaining defendants agreeing to plead guilty.   The condition was not met, and the government withdrew the offer.   Joseph Corozzo testifies in his affidavit that Sabella instructed him to reject the government's offer.   ECF 723 at ¶ 6.   AUSA Jason Swergold represents, in the government's Memorandum in Opposition, that he had "discussions" with Mr. Corozzo in November, 2018 "regarding an informal plea offer," "that no formal plea was extended," and that he understood from Mr. Corozzo that Sabella "rejected the possibility of a plea along the lines of the informal plea offer."   ECF 740 at 5.   Both Swergold and Corozzo also so represented at the plea hearing before USMJ Kevin N. Fox.   ECF 435 at 2.   Corozzo kept trying to secure a favorable offer, without success.   ECF 723 at ¶ 10,

A week before trial, on February 12, 2019, the parties struck an agreement, and Sabella pleaded guilty to a conspiracy to commit racketeering.   The Plea agreement set out the

---

release, I thought it also terminated his petition to vacate his sentence, and ordered the clerk to close the motions. ECF 795, 4/21/22.   Sabella wrote to request a decision on his petition, ECF 806, 2/9/23, and I now decide it.

applicable offense level as 27, after grouping the predicate acts of two extortions, two assaults
and a fraud, an upward adjustment of three levels because Sabella was a manager or supervisor
of five or more participants, and a two-level downward adjustment for acceptance of
responsibility.  The calculations came to a net offense level of 28.   Sabella had three criminal
history points which put him in criminal history category II.   The result was a guidelines
recommendation of 87 to 108 months.   Magistrate Judge Fox conducted the allocution and
elicited Defendant's satisfaction "with the assistance that [his]attorney [, Joseph Corozzo,] has
rendered," and his understanding of the "range of penalties including the maximum sentence,"
"the sentencing commission guidelines," the "factors that are found at 18 U.S.C., Section 3553"
to which he was exposed, and the "analysis of how the sentencing guidelines might apply."
ECF 435, at 6, 8, 10–11, 14.   I approved the plea on May 20, 2019.   ECF 559.   At sentencing,
on July 18, 2019, I made my own analysis of the Sentencing Guidelines, and agreed with the
calculations stated above.   I sentenced Sabella to 87 month's imprisonment, the bottom of the
Guidelines Range.   ECF 649 at 26.

   At sentencing, when it came time for Sabella to speak, Sabella stated that one
reason for his plea was that he "felt that Mr. Corozzo wasn't going to give [him] a fair shot going
to trial," that he was not "going to give me 100 percent."   ECF 649 at 23.   In other words, as I
understood Sabella's statement, he would prefer to try the case rather than to plead guilty.

   I rejected Sabella's effort to distance himself from his plea, pointing out that he
swore to Judge Fox that he was satisfied with his attorney, that he understood the sentence to
which he was exposed, and that he truly was guilty.   I put to Sabella his prior, contradictory
testimony:

   THE COURT: Mr. Sabella, may I remind you, you pleaded before Judge Fox. . . . you
   told Judge Fox that you understood the nature of the charge, that you had a right to plead

not guilty and to persist in that plea, opportunity to have the government try the case, that you had a right to a jury trial, that a burden would be on the government to prove your guilt beyond a reasonable doubt.   You said no promises were made to you.   You signed a plea agreement that admitted your guilt.   By pleading guilty you won the right not to be sitting in jail for the period of time of the judgment of the verdict or the plea agreement and the sentencing.[2] You got a benefit out of that too.   You told Judge Fox at the bottom of page 18 that your plea is being made voluntarily and of your own free will.   Judge Fox asked you at page 19, line two: Did you commit the offense that is set forth at Count One of the indictment?   Answer: Yes, your Honor. And you told him in your own words what it is that you did that makes you believe that that you are guilty of the offense set forth at Count One and you explained what you did.   So onto the other counts. It's clear to me that you pleaded guilty because you are in fact guilty.   If you went to trial you could have tested it out but you would have lost the benefit of the two point reduction which is rather significant at that stage of the proceedings.   A two-point reduction brings you down to a 28. If you lost at trial you would be at 30.   You would be a 30 and instead of being at 87 to 108 you'd be at 108 to 135.   So you would be significantly more.

THE DEFENDANT: I felt that I wasn't gonna have a fair shot with my attorney and you told me to deal with it and get along with him.

THE COURT: I didn't instruct you to deal with it and get along with him.   There was a session here.   We discussed it.   I told you that if you didn't like Mr. Corozzo, it is my policy to allow one free change and I would give you that change but you would not know who you would get.   And you thought that you'd stick with Mr. Corozzo who has done a very good job for you.

ECF No. 649 at 23–25.

## LEGAL STANDARD

A Sixth Amendment violation for ineffective assistance of counsel, including at the plea bargaining and sentencing stages, is governed by *Strickland vs. Washington*, 466 U.S. 668 (1984) and its progeny.   In order to successfully establish entitlement to collateral relief, a petitioner must 1) overcome the presumption that his representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and 2) show that

---

2 Sabella was not detained before trial.   Before he pleaded guilty, his counsel obtained a commitment from the government not to insist on his detention immediately following his plea.   See ECF 435 at 16.

"but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland*, 466 U.S. 668 at 687–88, 693–94.

The Constitution does not guarantee a "right to be offered a plea [agreement] . . . nor a . . . right that the judge accept it." *Missouri v. Frye*, 566 U.S. 134, 148 (2012). However, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). "As part of this advice, counsel must communicate to the defendant the terms of the plea offer, and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentence to which he will most likely be exposed." *Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000) (citations omitted). Because "[r]epresentation is an art," *Strickland*, 466 U.S. at 693, counsel rendering advice may reasonably consider a range of factors, including "the defendant's chances of prevailing at trial, the likely disparity in sentencing after a full trial as compared to a guilty plea (whether or not accompanied by an agreement with the Government), whether the defendant has maintained his innocence, and the defendant's comprehension of the various factors that will inform his plea decision." *Purdy*, 208 F.3d at 45.

## ANALYSIS

Petitioner argues that his counsel gave him constitutionally inadequate representation in violation of the Sixth Amendment because counsel (1) failed to advise him to accept an earlier plea offer made by the Government, (2) failed to challenge sentencing enhancements including in the plea agreement during his sentencing hearing, and (3) failed to raise *United States v. Davis*, 139 S. Ct. 2319 (2019). For the reasons discussed below, I deny the petition.

5

### 1.  Failure to encourage Sabella to accept an earlier plea

Petitioner argues that Corozzo's representation during the plea negotiation phase was constitutionally inadequate because Corozzo told him to reject a 63-month offer.   He further argues this delay in accepting a plea offer deprived him of a three-point sentence reduction under U.S.S.G. § 3E1.1 for timely acceptance of responsibility. Petitioner's claims are without merit; they do not satisfy the standards of *Strickland.*

First, in order for an ineffective assistance of counsel claim to be cognizable at the plea-bargaining stage, a formal plea offer must have actually been extended.   *See Lafler*, 566 U.S. at 168 ("[i]f no plea offer is made . . . the issue [of counsel's ineffectiveness] simply does not arise."); *Mavashev v. United States*, No. 11-CV-3724 DLI, 2015 WL 1508313, at *11 (E.D.N.Y. Mar. 31, 2015) ("Any attempt to extend *Lafler* to an informal plea offer must be rejected, as the distinction between formal plea offers and informal plea offers is significant."). Here, petitioner challenges Corozzo's encouragement to reject the "original offer" stemming from informal negotiations in November 2018.   However, as the government makes clear, there was only one formal offer, the offer made a week before trial, which was the offer that Sabella knowingly and voluntarily accepted.   ECF 435 at 2.   Petitioner's claim regarding plea negotiations in 2018, which were undisputedly informal, fails to establish he is entitled to § 2255 relief.

Second, petitioner's claim fails because Corozzo's conduct during the plea negotiations was objectively reasonable in satisfaction of *Strickland.*   Throughout the negotiation process, Corozzo provided petitioner with regular updates and acted at the specific direction of petitioner.   Nothing from Sabella's petition raises the inference that his representation was deficient, nor does he point to any specific actions Corozzo took that deprived him of effective assistance.

6

### 2.  Failure to challenge sentencing enhancements at sentencing.

Petitioner claims that Corozzo's failure to contest his sentencing enhancements at sentencing amounts to constitutionally deficient representation.   However, as Corozzo states in his affidavit, a waiver of right to contest sentencing enhancements at the sentencing hearing was an express term of petitioner's Plea agreement.   ECF 723 at ¶ 14.   Petitioner confirmed in his sworn testimony to Judge Fox that he understood the Plea agreement and the application to him of the Sentencing Guidelines.   As Corozzo states in his affidavit Sabella "knowingly and intelligently agreed to stipulate to the Guidelines enhancements and adjusted Guidelines level provided in the Plea Agreement."   ECF 723 at ¶ 14, 16.   Corozzo's decision to not object to enhancements to which petitioner agreed to in his Plea agreement was objectively reasonable. And an objection, if one were to have been made, would certainly have been over-ruled, for I had independently found that the Guidelines calculations were correct.

### 3.  Failure to raise *United States v. Davis* at sentencing.

*United States v. Davis,* 139 S.Ct. 2319 (2019) does not apply to a conviction of conspiracy to commit racketeering, the crime of which Sabella pleaded guilty.   *Davis* holds that conspiracy is not a crime of violence in connection with the crime of unlawful carrying, using or brandishing a gun.   Conspiracy, as a crime unto itself, is not affected by *Davis.*   As Corozzo states in his affidavit, Section 924(c)(3)(B)'s risk-of-force clause has no bearing on Sabella's conviction for racketeering conspiracy.   Corozzo's decision not to object on the basis of *Davis* was objectively reasonable.

## CONCLUSION

Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no fact hearing is necessary.   28 U.S.C. § 2255(b).

Sabella's petition is denied.   I decline to issue a Certificate of Appealability because Petitioner has "not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c) (2), and because Petitioner has failed to identify a claim that jurists of reason would find debatable as to whether Petitioner was denied such a right.   *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).   The Clerk shall mark the case closed.

SO ORDERED.

Dated:      New York, New York
            October 30, 2023

ALVIN K. HELLERSTEIN, U.S.D.J.

8